IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ROGER LEE DEAL, SR.,              )
                                  )
            Plaintiff,            )
                                  )
        v.                        )    1:13CV1016
                                  )
SERREAL, et al.,                  )
                                  )
            Defendant(s).         )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. However, pursuant to the Prison Litigation Reform Act, Plaintiff may no longer proceed *in forma pauperis* in this Court unless he is under imminent danger of serious physical injury. The Act provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Plaintiff is a frequent *pro se* litigator in federal courts in North Carolina who has had at least four previous suits dismissed for being frivolous, malicious, or failing to state a claim upon which relief may be granted. See Deal v. FNU Cole, No. 3:13-cv-158-RJC, 2013 WL 1190635, at *1 (WDNC March 22, 2013) (unpublished) (citing

prior cases and finding Plaintiff to be barred from proceeding *in forma pauperis*).[1]

Here, Plaintiff names "Serreal" the warden of his prison, and Dr. White, the prison doctor, as Defendants. He alleges that two corrections officers assaulted him at some point in the past and that an inmate named "Billy" assaulted him later. He claims that he asked Dr. White to send him to the hospital when the officers assaulted him, but that Dr. White refused. He complains that the assault by the inmate harmed his back and now causes his hip replacement to pop out of joint. He alleges that "they" will not x-ray his hip and that it can take two to three months to be seen for a sick call. (Complaint [Doc. #2], § IV.) These allegations are not sufficient to allow Plaintiff to proceed *in forma pauperis*. Most of his allegations relate to past harms, not immediate future harms, which means they are not "imminent" within the meaning of § 1915(g). Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3rd Cir. 2001). Also, they mainly relate to persons other than the named Defendants. To the extent that Plaintiff's allegations do involve current concerns and relate to either of the Defendants, they are more general in nature and not sufficient to show imminent danger of any serious physical injury. Plaintiff is not entitled to proceed *in forma pauperis* based on the allegations in the Complaint. However, the Court notes that Plaintiff has raised more specific allegations regarding his medical treatment in 1:13CV1033. Therefore, the present case should be dismissed without prejudice to Plaintiff pursuing his claims in that case. *In forma pauperis* status is granted for the sole purpose of entering this Order and

---

[1] That case noted that as of June 2012, Plaintiff had filed 5 civil rights actions in the Western District of North Carolina and 14 civil rights cases in the Eastern District of North Carolina. He has since filed 19 civil rights cases that are now pending in this Court.

Recommendation, but denied otherwise.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation, but denied otherwise.

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff pursuing his claims in 1:13CV1033 or filing a new complaint, on the proper § 1983 forms, and accompanied by the $400.00 filing fee.

This, the 15th day of April, 2014.

/s/ Joi Elizabeth Peake
United States Magistrate Judge